J-S56015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID R. MCGINLEY, | |
| Appellant | No. 193 MDA 2015 |

Appeal from the PCRA Order December 23, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001634-1994

BEFORE:  SHOGAN, JENKINS, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 27, 2015**

Appellant, David R. McGinley, appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On October 11, 1995, Appellant was convicted by a jury of involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, indecent exposure, and corruption of minors as a result of his assault of a five-year-old girl.  The trial court sentenced Appellant on December 7, 1995, to an aggregate term of incarceration of ten to thirty years.  Appellant filed a direct appeal, this Court affirmed the judgment of sentence on March 10, 1997, and our Supreme Court denied allowance of appeal.  ***Commonwealth***

---

[*]  Retired Senior Judge assigned to the Superior Court.

***v. McGinley***, 0912 Harrisburg 1995, 695 A.2d 438 (Pa. Super. filed March 10, 1997) (unpublished memorandum), *petition for allowance of appeal denied*, 698 A.2d 65 (Pa. 1997).

Appellant filed an Application for Writ of *Habeas Corpus* on September 16, 1997, which was denied by the United States District Court for the Middle District of Pennsylvania on January 22, 1999. Appellant then filed an appeal with the United States Third Circuit Court of Appeals, which was denied on September 15, 1999. Thereafter, Appellant filed multiple motions in the federal courts, all of which were denied.

On September 12, 2002, Appellant filed a *pro se* PCRA petition, his first. Counsel was appointed, and on February 10, 2003, the PCRA court denied relief. On appeal, we affirmed dismissal of the petition, and our Supreme Court denied further review. ***Commonwealth v. McGinley***, 450 MDA 2003, 847 A.2d 759 (Pa. Super., filed January 15, 2004) (unpublished memorandum), *petition for allowance of appeal denied*, 856 A.2d 833 (Pa. 2004).

On December 4, 2006, Appellant filed a Petition for Pre-Sentence Investigation Report, which was treated as a PCRA petition and denied by the PCRA court. We affirmed denial of the petition, and our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. McGinley***, 434 MDA 2007, 951 A.2d 1214 (Pa. Super. filed February 15,

2008) (unpublished memorandum), *petition for allowance of appeal denied*, 856 A.2d 833 (Pa. 2008).

Next, Appellant filed a Motion for Post Conviction DNA Testing pursuant to 42 Pa.C.S. § 9543.1 on January 25, 2009. The PCRA court denied relief on April 29, 2009. On appeal, this Court affirmed the denial, and our Supreme Court denied further review. ***Commonwealth v. McGinley***, 882 MDA 2009, 13 A.3d 981 (Pa. Super., filed September 13, 2010) (unpublished memorandum), *petition for allowance of appeal denied*, 21 A.3d 1192 (Pa. 2011).

On October 12, 2012, Appellant filed a Petition for Recusal, which was denied by the PCRA court on November 13, 2012. Appellant filed an appeal to this Court on December 10, 2012, which we quashed by order filed on January 15, 2013.

Appellant filed the instant PCRA petition and a brief on July 1, 2014. The PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907, and Appellant filed a response on December 15, 2014. The PCRA court dismissed the PCRA petition on December 23, 2014. Appellant filed the instant timely appeal, and both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

> 1. IS THE APPELLANT'S SENTENCE ILLEGAL BECAUSE THE SENTENCING JUDGE DID NOT STATE THAT HE WAS IMPOSING A SENTENCE THAT EXCEEDED THE APPLICABLE SENTENCING

GUIDELINE RANGES IN VIOLATION OF STATUTORILY DEFINED STANDARD SENTENCING PROCEDURES?

2. IS THE APPELLANT'S SENTENCE ILLEGAL BECAUSE THE SENTENCING JUDGE DID NOT PROVIDE A CONTEMPORANEOUS WRITTEN STATEMENT OF THE REASONS HE IMPOSED A SENTENCE THAT EXCEEDED THE APPLICABLE SENTENCING GUIDELINE RANGES IN VIOLATION OF STATUTORILY DEFINED STANDARD SENTENCING PROCEDURES?

3. IS THE APPELLANT'S SENTENCE EXCESSIVE BECAUSE IT WAS IMPOSED TO THE MAXIMUM LIMITS ALLOWED BY STATUTE DESPITE THERE BEING NO EVIDENCE TO WARRANT OR SUPPORT SUCH A HARSH TERM OF PUNISHMENT?

4. IS THE APPELLANT'S SENTENCE ILLEGAL BECAUSE THE SENTENCING JUDGE EXHIBITED BIAS, PREJUDICE, AND ILL - WILL THROUGHOUT THE ADJUDICATION PROCESS AND ESPECIALLY BY THE MAXIMUM SENTENCE HE IMPOSED IN VIOLATION OF STATUTORILY DEFINED STANDARD SENTENCING PROCEDURES?

5. IS THE APPELLANT'S SENTENCE ILLEGAL BECAUSE IT WAS IMPOSED IN VIOLATION OF RECENTLY RECOGNIZED CONSTITUTIONAL PRINCIPLES THAT MAKE MANDATORY SENTENCING STATUTES A SEPARATE ELEMENT OF A CRIME THAT MUST BE SUBMITTED TOA JURY AND FOUND BEYOND A REASONABLE DOUBT?

Appellant's Brief at v (*verbatim*).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa.

Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Nevertheless, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii),

- 5 -

and (iii), is met.[1]   A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).   In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).   **Commonwealth v. Carr**, 768 A.2d 1164, 1167 (Pa. Super. 2001).

The record does not reflect that Appellant sought review in the United States Supreme Court after the Pennsylvania Supreme Court denied his petition for allowance of appeal on July 10, 1997.   Accordingly, Appellant's judgment of sentence became final in October 8, 1997, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of

---

[1] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

appeal and the time for filing a petition for review with the United States Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Here, Appellant's petition was filed more than seventeen years after his judgment of sentence became final.

Appellant has failed to assert any exceptions to the PCRA time bar; indeed, he makes **no** argument concerning the timeliness of the petition. Thus, regarding the first four issues that challenge the discretionary aspects of sentence, the petition is untimely and no exceptions apply.[2]

Appellant's fifth issue asserts that his sentence was illegal in light of *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013), based upon the application of 42 Pa.C.S. § 9718.[3] In *Commonwealth v. Wolfe*, 106 A.3d 800, 806 (Pa. Super. 2014), petition for allowance of *appeal*

---

[2] We note additionally that the first four issues are waived because they could have been raised on direct appeal and were not. The PCRA procedurally bars claims of trial court error by requiring a petitioner to show the allegation of error is not previously litigated or waived. 42 Pa.C.S. §§ 9543(a)(3), 9544; *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (claims of trial court error that were not raised on direct appeal are waived). Finally, "[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(vii); [*Commonwealth v.*] *Evans*, [866 A.2d 442, 445–445 (Pa. Super. 2005)]." *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007). *Cf*. *Commonwealth v. Taylor*, 65 A.3d 462, 467 (Pa. Super. 2013) (bald discretionary sentencing challenges are not cognizable under PCRA) (citing *Evans* and *Commonwealth v. Guthrie*, 749 A.2d 502 (Pa. Super. 2000)).

[3] That section provided for mandatory minimum sentences for certain crimes "against infant persons." 42 Pa.C.S. § 9718.

*granted*, 63 MAL 2015, 2015 WL 4755651 (Pa. filed August 12, 2015), and relying upon **Commonwealth v. Newman**, 99 A.2d 86 (Pa. Super. 2014) (*en banc*), this Court held that section 9718 is indistinguishable from the statutes struck down in **Newman** and **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014). Thus, we determined that 42 Pa.C.S. § 9718, likewise, is void in its entirety and additionally, is facially void. **Wolfe**, 106 A.3d at 806.[4]

This issue is not waived because challenges to the legality of a sentence cannot be waived. **Commonwealth v. Miller**, 102 A.3d 988, 996 (Pa. Super. 2014) (**Alleyne** challenge to legality of sentence is "not technically waivable"). However, the issue is untimely because Appellant raised it for the first time more than one year after his judgment of sentence became final, and he has not asserted and proved one of the PCRA's enumerated exceptions. As a result, we lack jurisdiction to review it. 42 Pa.C.S. § 9545(b).

As noted, Appellant fails to assert the applicability of any of the section 9545(b)(2) exceptions in his brief. Instead, he merely argues that his sentence was illegal. The only exception that arguably could be applicable is the third exception of section 9545(b)(1), the "newly recognized constitutional right" exception. "Our Courts have expressly rejected the

---

[4] Appellant's PCRA petition was filed more than five months before **Wolfe** was filed.

notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." ***Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa. Super. 2013); ***Commonwealth v. Watts***, 23 A.3d 980, 987 (Pa. 2011) (judicial decision does not qualify as an exception under section 9545(b)(1)(ii)). ***Alleyne***, a judicial decision, is not a "fact" that satisfies 42 Pa.C.S. § 9545(b)(1)(ii).

However, this Court has held that even if ***Alleyne*** is interpreted as enunciating a newly recognized constitutional right, such right is not applicable retroactively to cases on PCRA review. ***Miller***, 102 A.3d at 995.

> Even assuming that ***Alleyne*** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that ***Alleyne*** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to [the a]ppellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. ***Commonwealth v. Phillips***, 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied*, 615 Pa. 784, 42 A.3d 1059 (2012), citing ***Tyler v. Cain***, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); ***see also***, ***e.g***., ***Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition"), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008). Therefore, [the a]ppellant has failed to satisfy the new constitutional right exception to the time-bar.
>
> We are aware that an issue pertaining to ***Alleyne*** goes to the legality of the sentence. ***See Commonwealth v. Newman***, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*) (stating, "a

challenge to a sentence premised upon ***Alleyne*** likewise implicates the legality of the sentence and cannot be waived on appeal"). It is generally true that "this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte*." ***Commonwealth v. Orellana***, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted). However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. ***See Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 (Pa. Super. 2011) (stating, "a challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction") (citation omitted). As this Court recently noted, "[t]hough not technically waivable, a legality of sentence claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." [***Commonwealth v.***] ***Seskey***, [86 A.3d 237, 242 (Pa. Super. 2014). As a result, the PCRA court lacked jurisdiction to consider the merits of [the a]ppellant's second PCRA petition, as it was untimely filed and no exception was proven.

***Miller***, 102 A.3d 995–996 (Pa. Super. 2014). ***Cf***. ***Commonwealth v. Riggle***, 119 A.3d 1058 (Pa. Super. 2015) (In a timely PCRA petition, ***Alleyne*** not applicable retroactively on PCRA review). ***Miller*** applies to the instant case. ***See also Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa. Super. 2013) ("[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition.").

Moreover, ***Alleyne*** was decided on June 17, 2013. Appellant filed his PCRA petition on July 1, 2014, well over sixty days after the date the claim could have been presented. ***See Commonwealth v. Boyd***, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to [a newly] recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

- 10 -

Accordingly, the PCRA court properly dismissed Appellant's PCRA petition as untimely. Because the court below was without jurisdiction to reach the merits of the PCRA petition, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2015